IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-079-RJC-DCK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, | ) |
| Plaintiff, | ) ) ) |
| v. | )  MEMORANDUM AND |
| | )  RECOMMENDATION |
| EVANSVILLE WESTERN RAILWAY, INC., and CSX TRANSPORTATION, INC., | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant CSXT's Motion To Dismiss Claims For Relief Two Through Six Of Plaintiff's Complaint" (Document No. 27); "Defendant Evansville Western Railway, Inc.'s Motion To Dismiss For Improper Venue And, In The Alternative, For Lack Of Personal Jurisdiction" (Document No 30); "Defendant CSX Transportation, Inc.'s Notice Of Consent To Transfer Under 28 U.S.C. § 1406 And Motion To Transfer Pursuant To 28 U.S.C. § 1404" (Document No. 40); and "Plaintiffs Certain Underwriters At Lloyd's Request For Judicial Notice" (Document No. 44).

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions be <u>granted</u> in part and <u>denied</u> in part. In sum, the undersigned will recommend that this matter be transferred to the United States District Court for the Southern District of Illinois.

**I. BACKGROUND**

Certain Underwriters At Lloyd's ("Plaintiff" or "Underwriters") initiated this action with the filing of a "Complaint And Demand For Jury Trial" (Document No. 1) (the "Complaint") on

February 14, 2019. "Plaintiffs are subscribing Underwriters participating through [insurance] Syndicate(s) organized under the laws of the United Kingdom, doing business in London, England, at Lloyd's of London." (Document No. 1, pp. 1-2). Plaintiff contends that this Court has jurisdiction based on the "Carmack Amendment," 49 U.S.C. § 11706, and 28 U.S.C. § 1337(a). (Document No. 1, p.2).

The Complaint describes "the Derailment" of four Locomotives and other engines and cars on September 16, 2018, at approximately 6:15 p.m., in or near Lilesville, Anson County, North Carolina. (Document No. 1, pp. 1-2). The Locomotives "were being transported by CSX to their intended destination in Wilmington, North Carolina, . . . [t]he shipment itself originated in Evansville, Illinois." (Document No. 1, pp. 3-4).[1] "At the time of the Derailment, the Derailment site and surrounding areas were under a flood watch due to the ongoing effects of Hurricane Florence." (Document No. 1, p. 4).

National Railway Equipment Co. ("NRE"), a corporation organized under the laws of Illinois, with a principal place of business in Mt. Vernon, Illinois, was the "shipper of Locomotives to NRE's customer with an intended delivery in Wilmington, North Carolina." (Document No. 1, pp. 2, 7). Evansville Western Railway, Inc. ("EVWR") was the "originating' carrier," and CSX Transportation, Inc. ("CSXT") was the "delivering carrier" as those terms are defined in the Carmack Amendment. (Document No. 1, p. 2). As a result of the Derailment, Plaintiffs paid NRE, their "Assured," in the amount of $5,840,364.00 and "NRE assigned all of its rights and remedies to Underwriters with respect to any recovery…." (Document No. 1, p. 1).

---

[1] Defendant EVWR contends that the *actual* point of origin was Mt. Vernon, Illinois, and that the shipment was thereafter interchanged with CSXT at Evansville, *Indiana*. (Document No. 31, p. 2, n. 1) (citing Document No. 1, ¶ 13). Defendant notes that Mt. Vernon, Illinois (the actual point of origin) and Evansville, Illinois (the alleged point of origin) are *both* within the Southern District of Illinois. Id. See also (Document No. 1-1 and Document No. 36, p. 2).

2

Case 3:19-cv-00079-RJC-DCK    Document 48    Filed 01/06/20    Page 2 of 17

Plaintiff seeks, *inter alia*, to recover damages for the loss of the four Locomotives with a combined value of $5,840,364.00, in addition to at least $200,000 "for the out-of-pocket expenses" of NRE, for a total of "at least $6,040,364.00." (Document No. 1, pp. 1, 15-16). Plaintiff contends that EVWR, the "originating carrier" and CSXT the "delivering carrier" (together, "Defendants") are liable for these damages. (Document No. 1). Plaintiff brings this action "for recovery of the total loss of the Locomotives, all of which were being transported by, and in the exclusive care, custody, and control of Defendants." (Document No. 1, p. 7).

The Complaint includes the following pertinent allegations: CSXT failed to heed warnings or advice from officials, national weather warnings and/or advisories, widespread media sources, and basic common sense; CSXT made a unilateral decision to drive a train, with the Locomotives, directly into these treacherous conditions; the Derailment occurred on CSXT's railroad tracks; CSXT failed to conduct and/or request special inspection of the subject railroad tracks; while in the exclusive care, custody, and control of CSXT, the Locomotives derailed into a ravine of mud; and CSXT unilaterally made the decision to destroy the Locomotives and dispose of them in an undisclosed fashion. (Document No. 1, pp. 6, 7, 13).

The Complaint asserts claims against *all* Defendants for: (1) carrier liability pursuant to the Carmack Amendment; (2) breach of contract(s); (3) rescission; (4) negligence (willful and intentional misconduct); and against Defendant CSXT solely for: (5) conversion and (6) unfair or deceptive trade practices. (Document No. 1, pp. 7-15).

"Defendant CSXT's Motion To Dismiss Claims For Relief Two Through Six Of Plaintiff's Complaint" (Document No. 27) and "Defendant Evansville Western Railway, Inc.'s Motion To Dismiss For Improper Venue And, In The Alternative, For Lack Of Personal Jurisdiction"

(Document No 30) were filed on April 11, 2019.² "Defendant CSX Transportation, Inc.'s Notice Of Consent To Transfer Under 28 U.S.C. § 1406 And Motion To Transfer Pursuant To 28 U.S.C. § 1404" (Document No. 40) was filed on June 25, 2019. "Plaintiffs Certain Underwriters At Lloyd's Request For Judicial Notice" (Document No. 44) was filed on July 15, 2019.

These pending motions are now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Here, Plaintiff asserts that this Court has jurisdiction over the subject matter of this action pursuant to 49 U.S.C. § 11706 and 28 U.S.C. § 1337(a). (Document No. 1, p. 2).

Generally, the purpose of venue statutes is to protect defendants against the risk that plaintiffs will select an unfair or inconvenient place for trial. Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979). Special venue provisions control over general venue statutes. Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 228-29 (1957); Samuel G. Keywell Co. v. Weinstein, 1991 WL 149894, *2 (D.Md. Jul. 31, 1991).

When a special venue statute is restrictive, and not permissive in nature, the action *may only* be brought in a district permitted by the restrictive special venue provision. See Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F.Supp.2d 784, 790 (E.D.Wis. 2003); see also

---

² Defendant EVWR also filed a "…Notice Of Joinder To Defendant, CXC Transportation, Inc.'s Motion To Dismiss Claims For Relief Two Through Six" (Document No. 32).

Landstar Ranger, Inc. v. Global Experience Specialists, Inc., 5:14-CV-193-RLV-DCK, 2016 WL 3636941, at *3 (W.D.N.C. July 6, 2016) ("The contrast between § 11706's limiting language and § 14706's permissive language is apparent to more than just the keenest and most observant of readers. . . . This Court must take Congress at its word.")  A restrictive special venue statute provides the sole and exclusive framework for determining proper venue and may not be supplemented by more general statutes.  See Fourco Glass Co., 353 U.S. at 229.  Moreover, "where a special venue provision lays venue of a claim in certain specified districts, such provision controls venue for all claims arising out of the same nucleus of operative facts."  See Pacer Global Logistics, Inc., 272 F.Supp.2d at 790;  see also PKWare, Inc. v. Meade, 79 F.Supp.2d 1007, 1019 (E.D.Wis. 2000).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The decision to transfer is left to the sound discretion of the trial court."  Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. Of Am., 753 F.Supp. 1315, 1322 (W.D.N.C. 1990).  In determining whether to transfer a case, the plain language of the statute requires that the Court balance the convenience to the parties and witnesses, as well as the interests of justice.  Id.

### III. DISCUSSION

This case presents interesting jurisdictional issues that would make a great basis for a law school exam.  The parties' positions are well-presented by counsel on both sides and each side offers persuasive reasoning.  However, applying the law to the facts of this case, the undersigned finds Defendants' arguments most compelling and is convinced that pursuant to the Carmack

5

Amendment, and in the interests of justice and judicial economy, this matter should be transferred to the United States District Court for the Southern District of Illinois.

**Evansville Western Railway Inc's Motion To Dismiss For Improper Venue**

Defendant Evansville Western Railway, Inc. ("EVWR") seeks dismissal under Fed.R.Civ.P. 12(b)(3) "for improper venue pursuant to the special venue provisions contained in 49 U.S.C. § 11706 (the "Carmack Amendment")." (Document No. 30, p. 1). EVWR asserts that "under the Carmack Amendment, a civil action against an originating rail carrier such as EVWR *may only be brought* in the judicial district in which the point of origin is located." Id. (citing 49 U.S.C. § 11706(d)(2)(A)(i)). Therefore, any action against EVWR must be brought in the United States District Court for the Southern District of Illinois. Id. In the alternative, EVWR contends that dismissal is appropriate under Fed.R.Civ.P. 12(b)(2) because this Court lacks personal jurisdiction over EVWR. (Document No. 30, pp. 1-2). EVWR further contends that this Court has the discretion to transfer this matter to the Southern District of Illinois pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a). (Document No. 31, pp. 11, 15). See also (Document No. 38, p. 8).

The Carmack Amendment states in pertinent part:

> **(2)(A)** A civil action under this section **may only be brought**--
>
> **(i)** against the **originating rail carrier**, in the judicial district in which the point of origin is located;
>
> **(ii)** against the **delivering rail carrier**, in the judicial district in which the principal place of business of the person bringing the action is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and
>
> **(iii)** against the **carrier alleged to have caused the loss or damage**, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. §11706(d)(2)(A)(i)-(iii) (emphasis added).

6

Case 3:19-cv-00079-RJC-DCK    Document 48    Filed 01/06/20    Page 6 of 17

According to the Complaint, the point of origin for the disputed shipment was within the Southern District of Illinois and EVWR is the "originating" rail carrier. See (Document No. 31, p. 2) (citing Document No. 1, ¶¶ 4, 13). EVWR observes that the Fourth Circuit has not specifically addressed the Carmack Amendment's special venue provision but argues that numerous courts have determined that the Carmack Amendment's venue provision is restrictive and not permissive in nature. (Document No. 31, pp. 5-6) (citations omitted). Based on the allegations in the Complaint and application of the Carmack Amendment, EVWR concludes that venue against it is only proper in the Southern District of Illinois, where the shipment originated. (Document No. 31, p. 7) (citing 49 U.S.C. § 11706(d)(2)(A)(i)).

For clarification, EVWR argues that subsections (ii) and (iii) of 49 U.S.C. § 11706(d)(2)(A) are not applicable. Id. First, EVWR was not the delivering carrier. Id. Second, although the loss or damage to the Locomotives is alleged to have occurred in this District, EVWR is not the party that Plaintiff alleges caused the loss. (Document No. 31, pp. 7-8). EVWR argues that the Complaint "goes to great measures" to lay the blame for the loss solely on Defendant CSXT. (Document No. 31, p. 8) (citing Document No. 1, ¶¶ 13, 22, 23, 24, 25, and 27). EVWR concludes that because subsections (ii) and (iii) are inapplicable, it must be dismissed, or the action transferred to the Southern District of Illinois. (Document No. 31, p. 11).

The crux of Plaintiff's response is that the "actions and/or omissions of both Defendants, who acted in the course of their agency relationship when the loss or damage occurred, have caused the loss or damage." (Document No. 36, p. 3). Plaintiff argues that § 11706(d)(2)(A)(iii) is applicable because both EVWR and CSXT were carriers that caused the loss or damage, and there is no dispute that the loss or damage occurred here in the Western District of North Carolina. (Document No. 36, pp. 3-7). Plaintiff notes that the Complaint alleges that the Locomotives were

7

destroyed "while in Defendants' exclusive care, custody, and control." (Document No. 36, p. 5) (citing Document No. 1, ¶ 34).

Plaintiff goes on to assert that it cannot "determine the exact role that each Defendant played in the destruction of the Locomotives" without the benefit of formal discovery. Id. For example, Plaintiff posits that discovery may determine "that EVWR instructed CSX to drive the Locomotives through the hurricane-ravaged area." (Document No. 36, p. 6). Plaintiff further asserts that "the Complaint clearly alleges an agency relationship between EVWR and CSX" and those allegations are sufficient to support jurisdiction pursuant to § 11706(d)(2)(A)(iii). Id.

Plaintiff notes that EVWR "readily admits that the Carmack Amendment allows actions to be brought in two potentially-different venues." (Document No. 36, p. 7) (citing Document No. 31, p. 11). Plaintiff contends that EVWR's proposed statutory construction would lead to the result that venue for CSX as "delivering" carrier is only proper in the Eastern District of North Carolina – the point of destination – even though CSXT has already answered the Complaint in this District where the loss or damage is alleged to have occurred. Id.

Plaintiff expresses concern that if this Court transfers this action to the Southern District of Illinois, CSXT will object on virtually identical Carmack venue-provision grounds, and that as a result, there is a "risk of piecemeal litigation." (Document No. 36, p. 15). Plaintiff notes that the "judicial system has a strong interest in obtaining the most efficient resolution of controversies." Id.

Plaintiff then presents its own alternative resolution, suggesting that the entire action be transferred to Florida.³ (Document No. 36, pp. 15-16). Plaintiff contends that there is general

---

³ Plaintiff does not suggest that any provision of the Carmack Amendment provides for jurisdiction against either Defendant in Florida.

8

Case 3:19-cv-00079-RJC-DCK   Document 48   Filed 01/06/20   Page 8 of 17

personal jurisdiction over both Defendants in Florida, but that the case should only be transferred to Florida "if both Defendants consent to venue there." Id.

In reply, Defendant EVWR argues that "Plaintiff's Complaint alleges only that EVWR is the originating rail carrier, and *does not allege that EVWR is the carrier that caused the damage*, thus rendering subsection 11706(d)(2)(A)(iii) inapplicable." (Document No. 38, p. 3) (citing Document No. 31, p. 7)

> There are three distinct venue subsections contained within 49 U.S.C. § 11706(d)(2)(A): one addressing venue as to originating rail carriers (subsection 11706(d)(2)(A)(i)); one addressing venue as to delivering rail carriers (subsection 11706(d)(2)(A)(ii)); and one addressing venue as to carriers that caused the loss or damage (subsection 11706(d)(2)(A)(iii)). It is axiomatic that a rail carrier could potentially be subject to venue under one, two, or all three of these subsections depending on the nature, route, and contribution to any alleged damage for a particular shipment.
>
> However, it does not follow that simply because a carrier (such as EVWR) is an "originating rail carrier" pursuant to the Carmack Amendment, that such originating carrier is also a carrier that "caused the loss."

(Document No. 38, p. 3). EVWR re-asserts that its only role in this Shipment was as the *originating rail carrier*, and because the "Complaint does not allege that any action of EVWR contributed to or caused the loss or damage," venue is only proper in Illinois, where the Shipment originated. (Document No. 38, p. 4).

EVWR further argues that Plaintiff's assertion that the Locomotives were "in the care, custody and control" of *both* Defendants is based on a single conclusory allegation in the Complaint, which is insufficient to support venue. Id. (citing Document No. 1, ¶ 34). Moreover, all of the allegations of fault in the Complaint with respect to the loss relate to CSXT's actions in North Carolina, where the derailment occurred. (Document No. 38, p. 5) (citing Document No. 1, ¶¶ 13, 15, 22, 23, 24, 25, 27, and 28) and (Document No. 31-1).

9

EVWR concludes that venue is only proper in the Southern District of Illinois, and therefore, this action must be dismissed or transferred to Illinois. (Document No. 38, p. 8).

The undersigned finds Defendant EVWR's arguments to be persuasive regarding venue under the Carmack Amendment and agrees that the Court need not reach the issue of personal jurisdiction. Id. It is undisputed that EVWR is the *originating carrier*, and thus, jurisdiction in Illinois is appropriate under 49 U.S.C. § 11706(d)(2)(A)(i). Although the issue presents a close call, the undersigned is not convinced that § 11706(d)(2)(A)(iii) applies to EVWR because the Complaint effectively alleges that Defendant CSXT caused the loss or damage that occurred in this District. See (Document No. 1, pp. 6, 7, 13). Moreover, the undersigned is not persuaded by Plaintiff's speculation that EVWR *might* have caused the loss or damage by directing CSXT to "drive the Locomotives through the hurricane-ravaged area." See (Document No. 36, p. 6). In fact, the Complaint specifically alleges that "[w]hile in the exclusive care, custody, and control of CSX, the Locomotives derailed into a ravine of mud." (Document No. 1, ¶ 63).

Finally, the Court appreciates Plaintiff's concerns regarding the risk of piecemeal litigation and its alternative proposal that this matter should be transferred to Florida. (Document No. 36, pp. 15-16). The undersigned agrees with Plaintiff's suggestion that venue for this action should lay where a Court has jurisdiction over both Defendants and/or where both Defendants consent to litigate this action. Id. However, the undersigned finds, as will be discussed below in greater detail, that such venue is in Illinois, not Florida.

Based on the foregoing, the undersigned will recommend that the Court in its discretion grant EVWR's motion and allow the alternative request for transfer to the Southern District of Illinois. See Landstar Ranger, Inc., 2016 WL 3636941, at *1 ("the Court emphasizes that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary.").

**CSX Transportation, Inc.'s Motion To Transfer**

Following Defendant EVWR's motion seeking dismissal or transfer, Defendant CSXT filed its "…Notice Of Consent To Transfer Under 28 U.S.C. § 1406 And Motion Transfer Pursuant to 28 U.S.C. § 1404" (Document No. 40). CSXT notes that if the Court grants EVWR's motion, then:

> the Court has the option, under 28 U.S.C. § 1406(a) to dismiss this action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Inasmuch as this action could have been brought in the Southern District of Illinois *as to both Defendants*, CSXT submits that it would be in the interest of justice to transfer the action against CSXT to that court if the Court is also inclined to transfer the action against EVWR. Given that the claim against EVWR must proceed in Illinois, a complete transfer is the only viable method of preventing inconsistent verdicts and a waste of judicial resources in this dispute. Therefore, pursuant to 28 U.S.C. § 1406(a), CSXT consents to the transfer of the entire action to the Southern District of Illinois.
>
> CSXT also alternatively moves this Court to transfer the action against CSXT to the Southern District of Illinois under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, in the interest of justice.

(Document No. 40, pp. 1-2).

28 U.S.C. § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented." 28 U.S.C. § 1406(a) provides that: [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

11

In support of its notice and motion, Defendant CSXT contends that EVWR's motion, discussed above, established "that venue in this District is improper as to EVWR under the restrictive special venue provision in the Carmack Amendment." (Document No. 41, p. 2). As such, CSXT now consents to the relief sought by EVWR, and contrary to Plaintiff's assertions, states that CSXT "will not object to transfer of the entire action to the Southern District of Illinois." Id. (citing Document No. 36, p. 15). CSXT argues that the Southern District of Illinois is a proper venue *as to both Defendants*. (Document No. 41, p. 3).

> Under 49 U.S.C. § 11706(D)(2)(a)(ii), venue as to CSXT, in its capacity as the delivering carrier, may lie in *either* the Eastern District of North Carolina, the judicial district in which the point of destination is located, *or in the judicial district in which the principal place of business of the person bringing the action is located if the delivering carrier operates a railroad or a route through such judicial district* (the Southern District of Illinois). CSXT operates a railroad or route through the Southern District of Illinois and NRE, the shipper and subrogor of Plaintiff, maintains its principal place of business there.

Id. CSXT also acknowledges that this District is a proper venue for the claim against it pursuant to § 11706(d)(2)(A)(iii) since the Complaint alleges CSXT caused the loss or damage in this District. (Document No. 41, p. 3, n.2).

CSXT asserts that the only viable method to prevent inconsistent verdicts and a waste of judicial resources is to transfer this entire action to the Southern District of Illinois. CSXT explains that because Plaintiff (organized under the laws of the United Kingdom, with a principal place of business in London, England) appears here as subrogee of the shipper – National Railway Equipment ("NRE") – it stands in the place of the party whose claim it has paid. (Document No. 41, p. 5) (citations omitted). As noted above, NRE's principal place of business happens to be in the Southern District of Illinois. Id. Moreover, "[e]quitable principals dictate that an insurance

12

Case 3:19-cv-00079-RJC-DCK   Document 48   Filed 01/06/20   Page 12 of 17

company cannot stand in a better position than its insured." Id. (citing Great Am. Ins. Co. of New York v. Advance Ocean Inc., 2008 WL 11399095, at *3 (S.D.N.Y. July 8, 2008)).

In addition to arguing that the Carmack Amendment supports jurisdiction in Illinois, CSXT argues that transfer to Illinois is in the interest of justice. (Document No. 41, pp. 6-7). CSXT notes the following links to the Southern District of Illinois (the "S.D.I."): NRE located in the S.D.I; CSXT operates in the S.D.I.; relevant contracts signed and delivered in the S.D.I.; necessary witnesses located in the S.D.I.: the Shipment and damaged cargo originated in the S.D.I; and venue is only proper against EVWR in the S.D.I. (Document No. 41, p. 6). In the alternative to transferring pursuant to § 1406(a), CSXT contends that this matter should be transferred pursuant to § 1404(a) for "'the convenience of the parties and witnesses' or 'the interest of justice' or both." (Document No. 41, p. 7 (citing Datasouth Comp. Corp. v. Three Dimension Techs., Inc., 719 F.Supp. 446, 450 (W.D.N.C. 1989)).

In opposition, Plaintiff suggests there are no "cognizable legal grounds" for CSXT's filing. (Document No. 42, p. 1). First, Plaintiff argues that venue in the Southern District of Illinois is improper as to CSXT because it is not an "originating carrier" and that CSXT's reliance on Great American is misplaced. (Document No. 42, pp. 2-3). Plaintiff further asserts that it has adequately alleged that *both* Defendants caused the underlying loss and damage in *this* District. (Document No. 42, p. 3) (citing Document No. 1, ¶¶ 15, 34, 49, 58). In addition, Plaintiff argues that it, Underwriters, is the "real party in interest" and not NRE. (Document No. 42, pp. 5-6).

Plaintiff also argues that the legislative history to the Carmack Amendment provides for venue as to both Defendants in this Court. (Document No. 42, p. 7) (citing Document No. 42-1). Relying on language in the legislative history, Plaintiff contends that both the originating and delivering carriers are properly venued in this District. Id.

In reply, CSXT contends that Plaintiff "misunderstands and mischaracterizes the basis for CSXT's filing" and that its filing "is based upon, and should be decided in tandem with," EVWR's motion to dismiss or transfer. (Document No. 43, p. 1). CSXT further contends that its notice and motion was in direct response to Plaintiff's concerns that CSXT might object to venue or jurisdiction in the Southern District of Illinois. (Document No. 43, p. 2); see also (Document No. 36, pp. 15-16).

CSXT goes on to re-assert that the Carmack Amendment is a restrictive venue provision. (Document No. 43, p. 3) (citing Landstar Ranger, Inc. v. Global Experience Specialists, Inc., 5:14-CV-193-RLV-DCK, 2016 WL 3636941, at *3 (W.D.N.C. July 6, 2016)). CSXT acknowledges that an originating carrier *may* be subject to venue in the district where the loss occurred but argues that this is only proper where "the carrier [is] alleged to have caused the loss or damage." Id. (citing 49 U.S.C. 11706(d)(20A)(iii)). Here, according to CSXT, Plaintiff has not alleged that "EVWR factually caused the loss." Id. "Moreover, *EVWR has shown that it did not cause the loss*." Id. at n. 2. CSXT argues that there is a material difference between EVWR being *substantively* liable for loss under the Carmack Amendment and committing the acts or omissions *which actually cause or contribute to the loss*. (Document No. 43, p. 4).

Defendant CSXT also asserts that the legislative history cited by Plaintiff is unremarkable and is consistent with its construction of the venue statute. (Document No. 43, p. 5). "[T]o the extent there is any perceived conflict, the law is clear that the *language* of a statute governs to the exclusion of alleged 'legislative intent.'" Id. (citing Kofa v. U.S. I.N.S., 60 F.3d 1088 (1995)).

Based on these and other arguments presented by Defendants, the undersigned is persuaded that CSXT's motion to transfer should be granted and this entire action transferred to the United

14

States District Court for the Southern District of Illinois.  The undersigned is convinced that such a transfer is consistent with the Carmack Amendment, as well as with the interests of justice.

**Defendants' Motion To Dismiss Claims For Relief Two Through Six Of Plaintiff's Complaint**

Based on the undersigned's recommendations regarding venue and transfer of this matter to the Southern District of Illinois, the undersigned will recommend that the motion to dismiss claims two through six of the Complaint be denied without prejudice.

**Request For Judicial Notice**

Plaintiff also filed a "request to confirm that they do not oppose the Court's consideration of House Conference Report No. 96-1430 in connection with EVWR's motion to dismiss for improper venue, and to request judicial notice of that report."  (Document No. 44, p. 2);  see also (Document No. 42, p. 4;  Document No. 42-1).  Defendants "do not oppose the Request for Judicial Notice as a procedural matter, but contend that the material that it is the subject of the request is not relevant to any issue in dispute."  Id.  Plaintiff contends that the referenced legislative materials may be considered by the Court without converting EVWR's motion to dismiss to one for summary judgement.  Id.  (citing Document No. 31, p. 6 and Document No. 38, pp. 2-8).

The undersigned is not persuaded the instant request is necessary but finds no reason to recommend that it be denied.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "…Motion To Dismiss Claims For Relief Two Through Six Of Plaintiff's Complaint" (Document No. 27 ) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Defendant Evansville Western Railway, Inc.'s Motion To Dismiss For Improper Venue And, In The Alternative, For Lack Of Personal

Jurisdiction" (Document No 30) be **GRANTED with modification**.  As discussed herein, the undersigned finds that venue should be transferred to the United States District Court for the Southern District of Illinois.

**IT IS FURTHER RECOMMENDED** that "Defendant CSX Transportation, Inc.'s . . . Motion To Transfer Pursuant To 28 U.S.C. § 1404" (Document No. 40) be **GRANTED**, as discussed herein, to transfer venue to the United States District Court for the Southern District of Illinois.

**IT IS FURTHER RECOMMENDED** that "Plaintiffs Certain Underwriters At Lloyd's Request For Judicial Notice" (Document No. 44) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 3, 2020

David C. Keesler
United States Magistrate Judge