UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00079-RJC-DCK

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| CSX TRANSPORTATION, INC. and | ) | |
| EVANSVILLE WESTERN RAILWAY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendants Motion to Dismiss

Claims for Relief Two Through Six of Plaintiff's Complaint, (Doc. Nos. 27, 32);

Defendant Evansville Western Railway, Inc.'s ("EVWR") Motion to Dismiss for

Improper Venue, and in the Alternative, for Lack of Personal Jurisdiction, (Doc. No.

30); Defendant CSX Transportation, Inc.'s ("CSXT") Motion to Change Venue

Pursuant to 28 U.S.C. § 1404 and Notice of Consent to Transfer under 28 U.S.C. §

1406, (Doc. No. 40); Plaintiff Certain Underwriters at Lloyd's's ("Plaintiff") Request

for Judicial Notice, (Doc. No. 44); the Magistrate Judge's Memorandum and

Recommendation ("M&R"), (Doc. No. 48); Plaintiff's Objections to the M&R, (Doc.

No. 49); and Defendants' Reply to Plaintiff's Objections, (Doc. No. 50).[1]

In the M&R, the Magistrate Judge recommended that Defendants' Motion to

---

[1] Defendants did not object to the M&R.

1

Dismiss be denied without prejudice; that EVWR's Motion to Dismiss for Improper Venue be granted with modification – finding that venue should be transferred to the United States District Court for the Southern District of Illinois; that CSXT's Motion to Transfer Venue be granted; and that Plaintiff's Request for Judicial Notice be granted.  As detailed below, the Court finds that the Magistrate Judge's conclusions were correct as a matter of law; therefore, the Court will adopt the M&R.

## I.    BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. (Doc. No. 48: M&R at 2-4).  Therefore, the Court adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

A district court has authority to assign non-dispositive pretrial matters to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982).  Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985);

Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III. DISCUSSION

Plaintiff only objects to the portions of the M&R that recommend granting EVWR's Motion to Dismiss for Improper Venue with the modification to transfer venue to the Southern District of Illinois and CSXT's Motion to Change Venue to the same district. (Doc. No. 49: Objections at 1). Further, Plaintiff requests that if these objections are overruled, the Court should allow Plaintiff to file an Amended Complaint before transfer or certify that the instant objections be immediately appealable under 28 U.S.C. § 1292(b). (Id. at 7-9).

### A. Legislative History of 49 U.S.C § 11706(d)(2)(A)

The Complaint asserts that jurisdiction in this District is proper under the Carmack Amendment, (Doc. No. 1, ¶ 5), which contains a restrictive special venue provision. Plaintiff complains that the Magistrate Judge failed to consider pertinent legislative history of the Amendment in recommending that venue as to EVWR does not lie in this District. (Doc. No. 49: Objections at 3).

As enacted, the Amendment provides:

A civil action under this section may only be brought—

(i)   against the originating rail carrier, in the judicial district in which the point of origin is located;

(ii)   against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action

3

is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and

(iii)   against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 11706(d)(2)(A).

Plaintiff argues venue in this district is proper for the originating rail carrier, EVWR, and the delivering rail carrier, CSXT, based on a selection of legislative history that reads:

> The Conference substitute adopts the House amendment with respect to changes in venue for Carmack Amendment cases. Hereafter, cases may only be brought in the court having jurisdiction over the originating carrier's point of origin, against the delivering carrier in a court at the principal place of business of the person entitled to recover against the carrier or having jurisdiction over the point of destination, *or against an originating, intermediate or delivering carrier in a court having jurisdiction over the point where the loss or damage is alleged to have occurred.*

(Doc. No. 49: Objections at 3 (quoting H.R. CONF. NO. 96-1430, at 4135 (1980) (emphasis added in Objections)).[2]

Plaintiff's objection is mistaken procedurally and substantively.  First, the Magistrate Judge explicitly considered the legislative history and the parties' arguments relating to it before finding Plaintiff's argument not persuasive. (Doc. No. 48: M&R at 13-14).  Second, the Magistrate Judge's conclusion that the legislative history did not establish venue as to EVWR in this District was correct

---

[2]   Plaintiff requested that the Court take judicial notice of the House Conference Report, (Doc. No. 44), which Defendants did not oppose, and the Magistrate Judge found unnecessary, but recommended granting without objection, (Doc. No. 48: M&R at 15-16).

4

as a matter of law.

When a question of statutory interpretation is presented, "analysis begins with the plain language of the statute." Jimenez v. Quarterman, 555 U.S. 113, 118 (2009) (internal citation omitted). If the Court were to begin its analysis with the legislative history of a statute, it would assume that Congress "does not express its intent in the words of statutes, but only by way of legislative history, an idea that hopefully all will find unpalatable." Kofa v. U.S. I.N.S., 60 F.3d 1084, 1088 (4th Cir. 1995). This is because "when the statutory language is plain, [the Court] must enforce it according to its terms." Jimenez, 555 U.S. at 118.

Here, the language in the Carmack Amendment is plain. Section 11706(d)(2)(A) contains three subsections which address venue for (i) originating carriers, (ii) delivering carriers, and (iii) carriers alleged to have caused the loss. Specifically, an action against the originating rail carrier may only be brought "in the judicial district in which the point of origin is located." 49 U.S.C § 11706(d)(2)(A)(i). Plaintiff's Complaint clearly alleges that EVWR is the "originating carrier" and fails to allege it "caused" the loss.[3] (Doc. No. 1, ¶ 4). Waybills attached to the Complaint show the shipment's point of origin was Mt. Vernon, Illinois. (Doc. No. 1-1: Ex. 1 at 2-5). In contrast, Plaintiff alleges CSXT was the "delivering carrier" which allegedly failed to heed weather warnings, failed to inspect the railroad tracks, and unilaterally disposed of the locomotives damaged by the derailment in this District. (Id., ¶¶ 13, 22-29). Based on Plaintiff's Complaint

---

[3] The § 11706 claim alleges Defendants are "strictly liable" for the loss. (Doc. No. 1: Complaint, ¶ 34).

5

and the plain language of the statute, the Magistrate Judge correctly determined that venue for the § 11706 claim against EVWR is only proper in the Southern District of Illinois.

### B. Transfer under 28 U.S.C. § 1406

Having decided that the Carmack Amendment requires the claim against EVWR to be brought in the Southern District of Illinois, the Court must consider Plaintiff's objections to the recommendation to transfer the case as to CSXT to that district. Specifically, Plaintiff argues that the Magistrate Judge erred by: (1) not giving proper weight to Plaintiff's choice of forum; (2) insufficiently performing a quantitative and qualitative balancing analysis as to CSXT; and (4) not following the "interests of justice." (Doc. No. 49: Objections at 3-7).

The allegations in the Complaint that CSXT was the carrier which caused the loss in this District were sufficient to establish venue here under the Carmack Amendment. (Doc. No. 1, ¶¶ 13, 22-29). However, Plaintiff chose to allege a claim against EVWR in the same action which cannot be brought here. The general rule is that, when challenged, a plaintiff must show that venue is proper as to all defendants and all claims. Starr Indemnity & Liability Co. v. Luckey Logistics, Inc., No. 1:16-cv-01377, 2017 WL 2466505, at *2 (C.D. Ill. June 7, 2017) (applying venue provisions of Carmack Amendment). Pursuant to 28 U.S.C. § 1406(a), "when venue is proper as to one defendant but not another, the Court has three options: 1) it may dismiss the action; 2) it may transfer the entire case to another district where venue is proper for all defendants, or 3) sever the claims in the case and retain jurisdiction

6

over those defendants for whom venue is proper." <u>Starr Indemnity</u> at *6.

Here, EVWR does not object to the recommendation that the entire case be transferred to the Southern District of Illinois where it should have been brought and CSXT consents to it. (Doc. No. 50: Reply at 5). In responding to EVWR's Motion to Dismiss for Improper Venue, Plaintiff mistakenly assumed CSXT would object to transfer and claimed proceeding in two courts would result in piecemeal litigation and wasting judicial resources. (Doc. No. 36: Response at 15). The Magistrate Judge rightly relied on those same concerns in recommending that transfer of the entire case was in the interest of justice under § 1406(a). (Doc. No. 48: M&R at 12-15).

Plaintiff complains that the Magistrate Judge did not properly weigh its choice of forum and was "deprived" of the benefits of a comprehensive analysis of particular factors relating to transfer. (Doc. No. 49: Objections at 4-5). The Court disagrees because Plaintiff disregards the M&R's context. The action against EVWR is only proper in the Southern District of Illinois based on the Carmack Amendment. While Plaintiff's choice of forum is normally given great weight, it cannot trump the Amendment's venue requirement.

The Magistrate Judge was left to choose among dismissal, complete transfer, or severance of this action. The M&R reflects the Magistrate Judge's careful consideration of the arguments by Plaintiff and CSXT regarding the transfer of venue factors before ultimately being persuaded by Defendants that transfer of the entire case is in the interest of justice. (Doc. No. 48, pp. 12-15). Plaintiff's objection

7

based on the Southern District of Illinois not recognizing the "unreasonable deviation doctrine," (Doc. No. 49 at 6), does not call for a different result. <u>Clayton v. Warlick</u>, 232 F.2d 699, 706 (4th Cir. 1956) ("We are not impressed by the argument that such transfer should be denied because of an alleged conflict of decision between this Circuit and the Seventh on an important question of law involved in the case."). In fact, it illustrates the risk of inconsistent judgments if this action were split to proceed in two different districts. Considering the proper venue for EVWR, CSXT's consent to transfer there, and Plaintiff's expressed desire to have all claims before the same court, the Court finds that transfer of the entire case is in the interest of justice under § 1406(a).

### C. Proposed Amended Complaint

In the event of adverse rulings on its Objections, Plaintiff requests leave to amend its Complaint. (Doc. No. 49 at 7). Plaintiff's Proposed First Amended Complaint seeks to cast EVWR and CSXT as a de facto single entity, (Doc. No. 52-2, ¶¶ 23-46), presumably to overcome the failure to establish venue in this District as to EVWR separately. However, EVWR's subsidiary relationship with Paducah & Louisville Transportation, in which CSX Corporation owns stock, was alleged in the original Complaint. (Doc. No. 1, ¶ 4 and n.1). Accordingly, the Court finds that transfer should not be halted by Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 52), which a court in the Southern District of Illinois may resolve.

### D. Certification under 28 U.S.C. § 1292(b)

Finally, Plaintiff requests that this Court stay further proceedings and certify this action as immediately appealable under 28 U.S.C. § 1292(b). (Doc. No. 49: Objections at 9). Under that provision, a district court may certify an order for interlocutory appeal if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation…." 28 U.S.C. § 1292(b). However, the Fourth Circuit has cautioned that § 1292(b) should be used only "sparingly" and that "its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989); see also City of Charleston v. Hotels.Com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (clarifying that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The movant bears the burden of demonstrating that the extraordinary relief of certification under § 1292(b) is warranted. State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995).

Here, Plaintiff has failed to specify a portion of the Magistrate Judge's Recommendation that creates a substantial difference of opinion regarding a controlling question of law. (Doc. No. 49: Objections at 9). This Court finds that there is none and that an immediate appeal from this Order would not materially advance the ultimate termination of litigation in the circumstances of this case. Therefore, the Court will not grant Plaintiff's request to certify an immediate

appeal.

### IV. CONCLUSION

Based on the foregoing, this Court agrees with the Magistrate Judge's recommendations as to the disposition of motions addressed in the M&R.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Objections to the M&R, (Doc. No. 49), are **OVERRULED**;

(2) Defendants' Motion to Dismiss, (Doc. No. 27), is **DENIED WITHOUT PREJUIDICE**;

(3) Defendant EVWR's Motion to Dismiss for Improper Venue And, In the Alternative, For Lack of Personal Jurisdiction, (Doc. No. 30), is **GRANTED with Modification**;

(4) Defendant CSXT's Motion to Change Venue, (Doc. No. 40), is **GRANTED**; and

(5) Plaintiff's Request for Judicial Notice, (Doc. No. 44), is **GRANTED**.

Accordingly, this matter is **TRANSFERRED** to the United States District Court for the Southern District of Illinois.

**SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge

10